IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LEROY HAYES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-391-D |
| | ) | |
| WARDEN BEAR, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, Judge Mitchell finds that it is untimely under 28 U.S.C. § 2244(d)(1), and recommends summary dismissal. Petitioner, who appears *pro se*, has filed a timely Objection [Doc. No. 10]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks to challenge convictions and sentences imposed by the District Court of Oklahoma County, Oklahoma, on April 11, 1996, upon his pleas of guilty and no contest to multiple crimes. Petitioner filed this action for federal habeas corpus relief on April 19, 2018, asserting claims that his sentences have been discharged by operation of state legislative action, that state courts lacked jurisdiction because his "crime was

committed by an Indian, on an Indian, in Indian country," and that the state court failed to inform him of federal constitutional rights and obtain a waiver, particularly of a "right to a grand jury indictment." *See* Pet. [Doc. No. 1] at 8, 9 (ECF page numbering). Based on the procedural history of Petitioner's state court case, Judge Mitchell finds that the one-year period to file a federal habeas petition, as provided by 28 U.S.C. § 2244(d)(1)(A), expired no later than July 2, 1997. Judge Mitchell further finds that Petitioner alleges no basis for statutory or equitable tolling or a finding of actual innocence. Judge Mitchell therefore concludes that the Petition should be dismissed upon filing as time-barred.

Liberally construing the arguments in Petitioner's Objection, the Court finds that Petitioner challenges Judge Mitchell's findings that all claims are governed by the time limit of § 2244(d)(1)(A) and that there is no basis for equitable tolling.[1] Review of all other issues addressed by Judge Mitchell is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

First, Petitioner argues that the one-year time limit did not begin to run when his convictions became final because other provisions of § 2244(d)(1) apply. He contends that a state impediment to filing – lack of access to a law library or legal assistance – existed until 2017 when he obtained help from another inmate and, therefore, his Petition is timely

---

[1] Petitioner also seems to argue that his *nolo contendere* plea did not become final when it was entered, and he expressly argues that a criminal judgment does not become final until a post-conviction application is filed and state court remedies are exhausted. *See* Obj. [Doc. No. 10] at 1. Petitioner provides no legal authority for these contentions, and the Court is aware of none. Statutory tolling would apply if a post-conviction application were timely filed, which is not the case here. *See* R&R at 9 & n.7.

2

under § 2244(d)(1)(B). *See* Obj. [Doc. No. 10] at 1. He also alleges that unspecified "mental and physical disabilities" prevented him from pursuing relief without legal assistance. *Id.* Under subsection 2244(d)(1)(B), the limitation period runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Plaintiff makes no factual allegations that would satisfy this provision.

Petitioner also invokes subsection 2244(d)(1)(D), under which the one-year time limit runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." None of Petitioner's claims are based on newly-discovered facts.[2] Therefore, the Court finds that Petitioner has not shown that the limitation period of either (d)(1)(B) or (d)(1)(D) applies.

Second, Petitioner asserts that he is entitled to equitable tolling because he has been pursuing his rights diligently "to the best of his disability" and, during some time period, "state impediments . . . 'stood in his way.'" *See* Obj. at 2. As noted above, Petitioner refers to unidentified disabilities. *Id.* Petitioner does not explain how these disabilities or impediments prevented him from filing a timely habeas petition. Petitioner alleges no facts to show "that he has been pursuing his rights diligently" or "that some extraordinary

---

[2] Petitioner identifies the date of discovery as August 8, 2017, which is the date that the court of appeals issued its initial decision *Murphy v. Royal*, 866 F.3d 1164, 1189-90 (10th Cir.), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, No. 17-1107, 2018 WL 74674 (May 21, 2018). *Murphy* provides the legal, not factual, predicate of one of Petitioner's claims. New legal developments are covered by subsection 2244(d)(1)(C), which does not apply here. *See* R&R at 6.

3

circumstance stood in his way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, the Court finds that Petitioner has failed to allege sufficient facts to support equitable tolling of the limitation period.

For these reasons, upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Mitchell's finding that the Petition is time-barred.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DISMISSED with prejudice. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 12th day of June, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE